UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD POUPART | Criminal No. 3:11cr116 (JBA)<br><br>March 10, 2021 |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Richard Poupart moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that his serious medical conditions, along with the COVID-19 pandemic, constitute extraordinary and compelling reasons warranting release. (Def.'s Mot. for Compassionate Release [Doc. # 218] at 1; Def.'s Suppl. Mot. for Compassionate Release [Doc. # 233] at 3.) He also argues that the deterioration of his elderly mother's health necessitates his release so he may care for her. (Def.'s Mot. at 4-5; Def.'s Second Suppl. Mot. for Compassionate Release [Doc. # 242] at 4, 6.) The Government opposes. ([Doc. # 244].) For the reasons that follow, Defendant's motion is DENIED.

**I. Background**

Defendant Richard Poupart was convicted by his guilty plea of two counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and sentenced to 240 months imprisonment followed by a lifetime of supervised release. (J. [Doc. # 200] at 1.) His sentence was affirmed by the Second Circuit Court of Appeals on June 3, 2014. (Mandate of USCA [Doc. # 215] at 6.) Mr. Poupart is currently held at Allenwood Low FCI and is scheduled to be released from Bureau of Prisons ("BOP") custody on August 20, 2027. FIND AN INMATE, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed Mar. 10, 2021). As of March 10, 2021, three Allenwood Low FCI inmates were currently positive and 287 inmates and nineteen staff members had recovered, with no deaths reported at the facility. COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed Mar. 10, 2021). COVID-19 vaccinations have been offered to Allenwood inmates, including Defendant.

**II.     Discussion**

The Government represents that Mr. Poupart received his first dose of the COVID-19 vaccine on January 5, 2021 and was scheduled to receive his second dose between February 1 and 4, 2021. (Gov't Opp. at 3; Def.'s Reply to Gov't's Response to Def.'s Second Suppl. Mem. [Doc. # 248] at 1.)  The opportunity for individually-identifiable inmates to opt to receive the COVID-19 vaccine represents a sea change from their previous COVID-19 infection vulnerability and inability to protect themselves against the virus, even with comorbidities. *See Benefits of Getting a COVID-19 Vaccine*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last updated Jan. 5, 2021). Evidence that a defendant has been offered the vaccine, whether he accepts it or not, demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19 while incarcerated.  Mr. Poupart's argument that his significant medical needs warrant his release lacks persuasive force since the vaccine has empowered Mr. Poupart to reduce these risks.

Mr. Poupart further argues that his mother's steep decline and his unique capacity to contribute to her care further justify his release. (Def.'s Mot. at 4-5; Def.'s Second Suppl. at 4, 6.) While the incapacitation and need to care for an immediate family member may contribute to extraordinary and compelling reasons, the need to care for a family member when alternative care is available does not alone justify release. *United States v. Wooten*, No. 3:13-CR-18 (SRU), 2020 WL 6119321, at *8 (D. Conn. Oct. 16, 2020) (The defendant's ability to help his sister "does not, alone, amount to an extraordinary and compelling reason warranting [his] release."); *see also United States v. Riley*, No. 2:12-CR-62, 2020 U.S. Dist. LEXIS 82909, at *7 (D. Vt. May 12, 2020) (granting compassionate release where the defendant's asthma, in the context of the pandemic, and need to care for his father, who submitted an affidavit confirming the seriousness of his conditions, including his deteriorating vision due to glaucoma, and that defendant was the only one able to care for him, constituted extraordinary and compelling reasons); *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) (finding extraordinary and compelling reasons where the court "received evidence from several sources indicating that [the defendant] is the only available caregiver for his mother," but still denying the motion for § 3553 reasons).

Mr. Poupart provides no documentation or evidentiary basis to support his and counsel's briefing statement as to the nature or severity of his mother's struggles, nor has he provided any evidence, such as affidavits, medical records, or social services reports, that he is the only child able to care for her. (Def.'s Mot. at 4-5; Def.'s Suppl. Mot. at 3-4; Def.'s Second Suppl. at 4, 6.) Indeed, Mr. Poupart admits that his sister is presently caring for his mother and does not submit any evidence to demonstrate that his sister's current care of their mother is inadequate.[1] (Def.'s Mot. at 4-5, 25; Def.'s Reply at 4-5.)

Not only has Mr. Poupart failed to persuade the Court that his situation is sufficiently extraordinary and compelling to warrant release, he has also failed to articulate an adequate release plan which would satisfy the Court that he would not likely present a danger to the public upon release, particularly in light of his criminal history involving child molestation.

### III.     Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release [Doc. # 218] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of March 2021.

---

[1] Contrary to Defendant's repeated assertions that "the burden is on the government to produce competent evidence to support any claim that others are willing and able to step forward to care for [Defendant's mother]," (Def.'s Reply at 5), "[t]he defendant bears the burden of proving that he or she is entitled to a sentence reduction" under 18 U.S.C. § 3582(c)(1)(A), *Wooten*, 2020 WL 6119321, at *5.