UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x

UNITED STATES OF AMERICA,                    :
                                             :
                            Plaintiff(s),    :
                                             :        **MEMORANDUM &**
            -against-                        :        **ORDER**
                                             :
RICHARD POUPART,                             :        311-CR-116 (VDO)
                                             :
                            Defendant(s).    :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

On December 10, 2025, Defendant Richard Poupart filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") based on his age and medical conditions.[1] The United States of America opposes the Motion.[2] For the following reasons, the Motion is **DENIED**.

## I.      BACKGROUND

### A.      Procedural History

On June 30, 2011, a federal grand jury charged the Defendant with transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).[3] On May 25, 2012, Poupart pleaded guilty to possession of child pornography.[4] On February 5, 2013, Poupart was sentenced to the statutory maximum of 240 months imprisonment, and a lifetime period of supervised release.[5] The

---

[1] Mot. for Sentence Reduction, ECF No. 282.

[2] Gov't's Mem. Opp'n, ECF No. 283.

[3] Indictment, ECF No. 56 at 1–2.

[4] Plea Agreement, ECF No. 142 at 1.

[5] Sent'g, ECF No. 193 at 1; J. Crim. Case, ECF No. 200 at 1.

sentencing court, in imposing the sentence, considered the nature, circumstances, and seriousness of the offense, criminal history, lack of remorse, and hardships the Defendant suffered in the past.[6] The Court stated that the primary aim of its sentencing was deterrence and public protection.[7]

Poupart appealed, contending that his sentence was "procedurally and substantively unreasonable." *United States v. Poupart*, 565 F. App'x 53, 54 (2d Cir. 2014) (summary order). In 2014, the Second Circuit affirmed his sentence, ruling the district court properly considered the applicable § 3553(a) factors. *Id.* at 56. Poupart has since applied for various forms of post-conviction relief, including a motion to vacate sentence[8] and two prior motions for compassionate release.[9] All of these motions have been denied.[10] Defendant now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).[11]

### B.    Underlying Conduct

Mr. Poupart has sexually exploited minor females on multiple occasions since the summer of 1989.[12] As relevant to the underlying conviction in this case, on September 4, 2007, members of the Shelton Police Department executed a search warrant for the Defendant's

---

[6] Tr. Sent'g Hr'g at 254-55, *United States v. Poupart*, No. 13-1640 (2d Cir. Aug. 23, 2013), ECF No. 36.

[7] *Id.* at 254.

[8] Mot. Vacate, *Poupart v. United States*, No. 15-CV-00538 (D. Conn. Feb. 22, 2018), ECF No. 1.

[9] Mot. Compass. Release, ECF 242; Mot. Compass. Release, ECF No. 250.

[10] Mem. Decision Den. Pet. Relief, ECF No. 217;  Order Den. Def.'s Mot. Compass. Release, ECF No. 249; Order Den. Def.'s Mot. Compass. Release, ECF No. 254.

[11] ECF No. 282 at 1.

[12] Presentence Report, ECF No. 177 ¶ 47.

residence in connection with Poupart's sexual assault of two minors.[13] Poupart was later convicted in Connecticut Superior Court of two counts of Sexual Assault in the Fourth Degree with a Minor Victim.[14]

In the course of investigating the above sexual assaults, law enforcement executed a search warrant at Poupart's residence.[15] During the search, law enforcement seized two computers, a laptop, and other storage media.[16] When law enforcement interviewed Poupart the next day, Poupart reported that he had built two of the computers himself.[17]

A forensic examination of Poupart's computers revealed over 100 images and videos of child pornography.[18] Some of the images found in the computers were pictures taken by the Defendant of his prior sexual assault victims.[19] The file names for some of the images and videos found described children as young as 3 to 5 years old engaged in sex acts with adults.[20] During further forensic examination of Poupart's computers, law enforcement found additional child pornography, including two pornographic images produced by Poupart showing him sexually assaulting a minor.[21]

---

[13] *Id.* ¶ 16.

[14] *Id.* ¶ 50.

[15] *Id.* ¶ 16.

[16] *Id.*

[17] *Id.*

[18] *Id.* ¶¶ 17–18, 21.

[19] *Id.* ¶¶ 20, 22.

[20] *Id.* ¶ 21.

[21] *Id.* ¶¶ 15, 18, 20, 22.

### C.    Medical Conditions

Poupart, age 66, is currently incarcerated at the Federal Medical Center Devens, in Harvard, Massachusetts, with a release date set for August 20, 2027.[22]

The Defendant contends that he has multiple, substantial medical conditions, many of which require extensive medical care.[23] While incarcerated, he was diagnosed with rectal cancer in 2022 for which he received chemotherapy and radiation treatment.[24] The cancer returned in 2024, requiring surgery and further chemotherapy.[25] As a result of his treatment, Poupart experienced "fatigue, leg swelling, skin irritation, and nerve pain."[26] The Defendant also suffers from numerous chronic conditions including "high blood pressure, high cholesterol, chronic back and leg pain, [and] severe nerve pain (neuropathy)."[27] More recently, Poupart claims he has developed an infection in his foot that "may result in amputation within weeks if it does not respond favorably to medication," and severe hearing problems.[28]

## II.    LEGAL STANDARD

"[U]pon motion of the defendant after the defendant has fully exhausted all administrative rights," a court may "reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) . . . if it finds that . . . extraordinary and compelling

---

[22] ECF No. 282 at 2, 17; *see also* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 12, 2026). The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

[23] ECF No. 282 at 9 ¶ 5.

[24] *Id.*

[25] *Id.*

[26] *Id*.

[27] *Id*. at 10 ¶ 7.

[28] *Id*. at 5.

reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). When considering a grant of compassionate release, the Court has held that there are three requirements that must be satisfied. *United States v. Keitt,* 21 F.4th 67, 71 (2d Cir. 2021). "First, absent waiver or forfeiture by the government," the defendant "must exhaust administrative remedies by requesting such relief from prison authorities." *Id*. Second, the court must "consider the factors set forth in 18 U.S.C. § 3553(a)." *Id*. (cleaned up). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id* (cleaned up). Third, the defendant must show that "his proffered circumstances are indeed extraordinary and compelling such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *Id*. (cleaned up).

"The burden of showing that the circumstances warrant a sentence reduction is on the defendant." *United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024), c*ert. granted in part*, 145 S. Ct. 2731 (2025); *see also United States v. Andrews*, 705 F. Supp. 3d 142, 147 (S.D.N.Y. 2023), *aff'd*, No. 23-8046, 2025 WL 2938044 (2d Cir. Oct. 16, 2025) (summary order) ("The moving defendant bears the burden of proving that 'extraordinary and compelling reasons' justify a reduction of his or her sentence.") (cleaned up). In assessing a motion for compassionate release, the Court may deny a "defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors" and "need not determine whether the defendant has shown extraordinary and compelling reasons[.]" *Keitt*, 21 F.4th at 73; *see*

*also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("A district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release.") (cleaned up).

## III.    <u>DISCUSSION</u>

Poupart fails to meet any of the three requirements for granting the relief he seeks because he has not demonstrated (1) an exhaustion of administrative remedies; (2) that the § 3553 factors warrant a sentence reduction; or (3) that extraordinary and compelling circumstances justify a sentence reduction.

### A.    **Exhaustion of Administrative Remedies**

First, Poupart fails to demonstrate an exhaustion of administrative remedies. An inmate seeking relief under 18 U.S.C. § 3582(c)(1)(A) must show that he has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility." *Keitt*, 21 F.4th at 71.

Poupart has not made this showing. Though Poupart may have pleaded in previous compassionate release motions that he exhausted administrative remedies, courts in the Second Circuit have held that "[s]uccessive compassionate release motions must independently satisfy the exhaustion requirement." *United States v. Davis*, No. 16-CR-339, 2024 WL 836477, at *2 (S.D.N.Y. Feb. 27, 2024); see also *United States v. Harris*, No. 14-CR-177, 2024 WL 3548409, at *1 (W.D.N.Y. July 26, 2024). Although Poupart provided evidence that he had applied for compassionate release with BOP in his original motion for compassionate release filed on June

16, 2020,[29] there is no indication that Poupart made any subsequent applications for compassionate release with BOP. Thus, having made no showing of any attempts to exhaust administrative remedies for this Motion, Poupart has failed to fulfill the exhaustion requirement under § 3582(c)(1)(A).

### B.    18 U.S.C. § 3553(a) Factors

Second, even if Poupart had satisfied the exhaustion requirement, the § 3553(a) factors weigh against the reduction of his sentence. "If the [reviewing] court determines that the § 3553(a) factors weigh against a sentence reduction, it may deny the motion on that basis alone." *United States v. Rodriguez*, 147 F.4th 217, 222 (2d Cir. 2025). 18 U.S.C. § 3553(a) lists "numerous factors a court must review" in imposing a sentence. *Keitt*, 21 F.4th at 71. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a). "In the compassionate release context—just as at the time of the original sentencing— '[t]he weight to be afforded any § 3553(a) factor is a matter firmly committed to

---

[29] *See* Mot. Compass. Release, ECF No. 218 at 2–4.

the discretion of the sentencing judge.'" *Rodriguez*, 147 F.4th 222 (quoting *Keitt*, 21 F.4th at 72). As such, "courts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence." *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order).

As discussed by the Second Circuit, the sentencing court properly considered the § 3553(a) sentencing factors when imposing Poupart's sentence. *Poupart*, 565 F. App'x at 56. Specifically, the Second Circuit concluded that "the district court discussed Poupart's history and characteristics, including the hardships he suffered as a child and his poor health, but concluded that protection of the public and Poupart's lack of remorse warranted a lengthy sentence." *Id*. (cleaned up). Based on the Defendant's "history of sexually abusing children, including forcing a 13–year old victim to perform oral sex on him, sexually assaulting two 14–year old victims, and creating some of the child pornography that he possessed," the Second Circuit held that "the district court was well within its discretion to impose the statutory maximum penalty." *Id*.

The granting of this Motion would undoubtedly counteract the "aims of the original sentence" *Roney*, 833 F. App'x at 854. As stated by the Court (J. Arterton) during sentencing, the  reason for the maximum sentence was "to provide adequate deterrence and to protect the public," especially in light of the "defendant's total lack of remorse, baseless accusations against his victims and repeated declaration of innocence…which bode poorly for likelihood of re-offending,"[30] The Defendant has not demonstrated that these concerns have been assuaged. Rather, Poupart has demonstrated disinterest in rehabilitation by declining two

---

[30] ECF No. 200 at 1.

separate opportunities to participate in sex offender treatment programs, as noted in the Government's opposition.[31]

Furthermore, while the Defendant's medical conditions may hinder his ability to harm minors after his release, Poupart's knowledge of computers still poses a significant risk that he will be able to access child pornography after release. Releasing the Defendant before the conclusion of his sentence would thus undermine the sentencing court's deterrence and public safety concerns. *See United States v. Roney*, No. 10-CR-130S, 2020 WL 2846946 *7 (W.D.N.Y. June 2, 2020), *aff'd*, 833 F. App'x 850 (2d Cir. 2020) (where defendant convicted of possessing child pornography, the court, in denying motion for compassionate release, reasoned that "the sentence would be severely undermined by a reduction to time served. Such a sentence would not reflect the seriousness of the offense . . . provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant."); *see also United States v. Vandegrift*, 605 F. Supp. 3d 506, 511 (W.D.N.Y. 2022) (where defendant was convicted of receipt of child pornography and attempted receipt, court denied motion for compassionate release since court determined he was "dangerous and his release would endanger the community."); *United States v. Vietor*, 690 F. Supp. 3d 163, 165 (W.D.N.Y. 2023) (where defendant was convicted of distribution of child pornography, court denied motion for sentence reduction due to the "nature and circumstances of [d]efendant's underlying offense of conviction," stating that "a sentence reduction would undermine the purposes of sentencing").

---

[31] ECF No. 283 at 8.

Because a reduction of Poupart's sentence would "severely undermine" the sentencing court's purposes of deterrence and public safety, the Court finds that the § 3553(a) factors weigh against the Defendant's release.

## C.    Extraordinary and Compelling Reasons

As relevant here, the Sentencing Guidelines establish that extraordinary and compelling reasons that warrant a sentence reduction exist when:

(1) Medical Circumstances of the Defendant.

(A) [Omitted]

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death…. [or]

(2) Age of the Defendant. The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. 1B1.13(b).

Poupart contends broadly that he satisfies the factors under § 1B1.13 as he is over the age of 65 and "suffering from an overwhelming number of serious physical and medical conditions, functional impairment, and deteriorating physical health including those relating

to the aging process, that substantially diminish his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover."[32]

In support of these claims, the Defendant filed a declaration by Stephanie L. Forrest.[33] Ms. Forrest is the "founder of Carolina Recovery and Reentry Consultants, LLC," and has "expertise in interpreting BOP records and identifying release/re-entry needs to aid in successful reintegration into society."[34] Ms. Forrest recommends release as a longer incarceration could "restrict [Poupart's] access to specialized care."[35] Furthermore, Ms. Forrest suggests multiple resources Poupart can use, post release, to help reintegrate into society and, most relevant to this Motion, receive medical care.[36]

### 1.    U.S.S.G. § 1B1.13(b)(1)(B)

First, Defendant fails to show extraordinary and compelling reasons because he cannot demonstrate that his medical issues "substantially diminish[]" his ability "to provide self-care within the environment of a correctional facility" under § 1B1.13(b)(1)(B).

The Court recognizes the severity of the Defendant's medical conditions. Poupart suffers from numerous chronic conditions, many of which require extensive medical care and monitoring.[37] These conditions have caused pain, mobility issues, and in some cases required

---

[32] ECF No. 282 at 2.

[33] *Id*. at 8–13.

[34] *Id*. at 8–9.

[35] *Id*. at 13 ¶ 15.

[36] ECF No. 282 at 12–13.

[37] *Id*. at 10.

surgery.[38] Most recently, Poupart has developed hearing loss and a foot infection that he claims may lead to amputation.[39]

However, the Defendant has failed to show that any of these conditions "substantially diminish[] the ability of the defendant to provide self-care within the . . . correctional facility[.]" § 1B1.13(b)(2). As the Court can best discern, Pourpart attempts to show a diminishment in the ability to care for himself based on the assertions of the supporting declaration that "adapting to the prison environment is notably challenging" for him, and that he "relies on adult diapers, [and] utilizes the sink for personal hygiene."[40] However, the Defendant remains able to move about the facility with the assistance of a cane,[41] and there is no evidence that his mobility limitations have caused him to miss medical appointments or prevented him from attending to his basic personal hygiene needs. Accordingly, he has not shown a diminished ability for self-care. *See United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D.N.Y.) (defendant unable to show "substantially diminished…ability for self-care" since he can "move around to see other inmates and to attend medical appointments.").

### 2.    U.S.S.G. 1B1.13(b)(1)(C)

The Defendant also fails to show extraordinary and compelling reasons on the basis that he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided" under 1B1.13(b)(1)(C).

---

[38] *Id*. at 9–10.

[39] *Id*. at 5–6.

[40] *Id*. at 10 ¶ 10.

[41] *Id*.

While the Court recognizes the severity of rectal cancer, Poupart's own filings reveal that he has received sufficient specialized treatment.[42] During his incarceration, the Defendant has undergone surgery and multiple rounds of chemotherapy to treat his rectal cancer.[43] After completing treatment in April 2025, he showed "improved CEA levels and is undergoing follow-up scans for recurrence monitoring."[44] The Defendant has thus received adequate medical care, including from oncologists.[45] For his chronic conditions, Poupart receives "several daily medications, . . . nutritional supplements," and medical appointments.[46]

Nor is the Court able to find evidence of inadequate treatment for Poupart's two newly-arisen medical conditions. The Defendant claims, an "infection in his foot may result in amputation within weeks if it does not respond favorably to medication" and is "adamantly opposed to the steps being proposed."[47] Poupart also claims he is suffering from hearing loss and requests outside testing.[48] But these assertions are not supported by any medical records or other evidence. The Government correctly states that Poupart's personal views are insufficient to show that his treatment while incarcerated constitutes inadequate medical care.[49] *See Madden v Shelton*, No. 07-3068, 2007 WL 1173037, at *3 (D. Kan. Apr. 19, 2007) (a "[prisoner's] view alone—in contrast to that of medical staff at the prison as to what is

---

[42] *See* ECF No. 282 at 10.

[43] *Id.*

[44] *Id*. at 9.

[45] *Id.* at 10 ¶ 9.

[46] *Id.* ¶ 8.

[47] *Id*. at 5.

[48] *Id.* at 5–6.

[49] ECF No. 283 at 13.

appropriate and necessary given his symptoms and medical history—does not sufficiently state a constitutional claim for denial of adequate medical care."). Poupart is currently receiving medication for his foot infection,[50] has seemingly received successful treatment for a past infection,[51] and there is no evidence to show that this new infection will not be successfully treated. Poupart also does not provide any concrete evidence, other than his personal views, to show that outside testing is necessary or required or that FMC Devens is failing to properly address his hearing loss.

Accordingly, Poupart has not demonstrated that he is suffering from a medical condition that requires long-term or specialized medical care that is not being provided. *See United States v. Pena*, No. 90-CR-553, 2025 WL 2726642, at *2 (S.D.N.Y. Sept. 25, 2025) (denying  compassionate release claim based on finding that BOP is "adequately treating [defendant's] hypertension and seizure disorder through regular visits with medical staff and medication."); *see also United States v. Yeghoyan*, No. 20-CR-652, 2025 WL 2792569, at *5–6 (S.D.N.Y. Oct. 1, 2025) (denying compassionate release claim where defendant received adequate medical care in response to his ongoing "ulcerative colitis," including medical appointments, treatment and tests). Nothing in the Defendant's pleadings shows a lack of specialized medical care, let alone, a lack of care which would put him "at risk of serious deterioration in health or death." § 1B1.13(b)(1)(C). *See United States v. Stillwell*, No. 13-CR-521, 2026 WL 276018, at *3 (S.D.N.Y. Feb. 3, 2026) (denying compassionate release claim in part for failure to satisfy § 1B1.13(b)(1)(C) because "[e]ven if [defendant]'s medical

---

[50] ECF No. 282 at 5.

[51] *See id.* at 12 (medication list in declaration shows antibiotics were administered for a "toe infection" and listed as "completed.").

conditions have worsened since being incarcerated, . . . the record . . . establishes that he receives regular treatment for his various chronic medical conditions.").

### 3.    U.S.S.G. 1B1.13(b)(2)

Lastly, Poupart has not demonstrated that he has an "overwhelming number of serious physical and medical conditions, functional impairment, and deteriorating physical health *including those relating to the aging process*" under 1B1.13(b)(2).[52] The Court recognizes that the Defendant is over the age of 65 and has served at least 10 years of his term of imprisonment,[53] satisfying the first two elements of 1B1.13(b)(2). However, the barebones assertion in the Motion that the Defendant is suffering from conditions "relating to the aging process" is insufficient to show extraordinary and compelling reasons to justify an early release.[54]

Poupart has thus failed to show extraordinary and compelling reasons to justify reducing his sentence.

## IV.    CONCLUSION

For the foregoing reasons, the Defendant has failed to demonstrate that he exhausted his administrative remedies, that the § 3553(a) factors support a sentence reduction, and that extraordinary and compelling reasons warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Defendant's Motion is therefore **DENIED.**

---

[52] *Id.* at 2 (emphasis added).

[53] *Id.*

[54] *Id.* Indeed, in mentioning Poupart's medical conditions "relating to the aging process," the Motion refers to the declaration of Stephanie Forrest, but said declaration makes *no* mention of the aging process, let alone relates his injuries to the aging process.

**SO ORDERED.**

Hartford, Connecticut
June 12, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge